IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BETTY ANN CASEY                                                                         PLAINTIFF

v.                                      Civil Action No. 3:05-cv-98HTW-JCS

RAPAD DRILLING AND WELL SERVICE, INC.,
LIBERTY MUTUAL INSURANCE COMPANY
AND JOHN DOES 1-3                                            DEFENDANTS

## ORDER DENYING REMAND

Before the court is plaintiff's Motion to Remand this civil lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c)[1] **[docket # 9]**.  This lawsuit, a dispute over withheld workers' compensation death benefits, was removed to this federal forum by the defendants, Rapad Drilling and Well Service, Incorporated (hereinafter "Rapad") and Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), on the theory that the non-diverse defendant, Rapad, was improperly joined to eviscerate federal diversity jurisdiction under Title 28 U.S.C. § 1332,[2] which requires a certain minimus monetary amount in controversy and diversity of the parties in citizenship.  Plaintiff disagrees.  Betty Ann Casey asserts that Rapad, as the employer-purchaser of the workers' compensation insurance policy now in dispute, is

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... .

liable for any torts arising out of the denial of her workers' compensation death benefits claim. If so, Rapad is a proper party here and this court must remand this litigation to state court. For the reasons enunciated below, however, this court is persuaded that Rapad was improperly joined to this lawsuit and, thus, must be dismissed from this instant litigation. With Rapad's dismissal, this court would have subject matter jurisdiction under diversity of citizenship and, further, must deny plaintiff's Motion to Remand.

## **RELEVANT FACTS**

On January 14, 2005, plaintiff filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi, this lawsuit in which she asserts the state law claims of tortious breach of contract, bad faith, and intentional and/or negligent infliction of emotion duress. Plaintiff's claims arise out of Liberty Mutual's denial of her claim for workers' compensation death benefits following the death of her husband, an employee of Rapad. Thereafter, on February 11, 2005, the defendants timely removed this litigation to this federal forum, invoking this court's federal diversity of citizenship jurisdiction pursuant to Title 28 U.S.C. § 1332.[3] In their notice of removal, the defendants assert that plaintiff improperly joined Rapad as a defendant in the instant lawsuit.

On March 9, 2005, plaintiff filed a motion to remand this matter to the state court. In her remand papers, plaintiff contends she properly joined Rapad in this lawsuit because under Mississippi common law an employer-purchaser of workers' compensation insurance is liable for the tortious denial of workers' compensation benefits arising out of the purchased workers' compensation insurance.

---

[3]See fn. 2.

In response to plaintiff's argument, defendants counter that plaintiff's complaint fails to identify any specific affirmative act or omission by Rapad that adversely affected the plaintiff's claim for workers' compensation death benefits. The defendants resultedly contend that plaintiff's complaint fails to state cognizable cause of action against Rapad and, thus, that this court must dismiss Rapad as a party-defendant to the lawsuit.

### RELEVANT LAW

As courts of limited jurisdiction,[4] a federal court must first ascertain whether its federal subject-matter jurisdiction has been properly invoked before addressing a case or controversy. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). Federal courts conduct this determination under the initial presumption that a lawsuit lies outside its limited jurisdiction. *Id.* A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating that a federal court has subject-matter jurisdiction over a lawsuit. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also* 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the

---

[4]This limited jurisdiction extends only as far as the United States Constitution and federal statutes allow. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III, Section 2 of the United States Constitution provides in pertinent part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

When the removing party alleges that the non-removing party fraudulently joined a non-diverse party to a lawsuit to defeat federal diversity of citizenship jurisdiction, the court must determine whether the non-removing party has any possibility of recovery against the party whose joinder is in question. *See Smallwood v. Ill. Cent. R.R. Co.*, 358 F.3d 568, 573 (5th Cir. 2004). *Travis*, 326 F.3d at 644. If there is *any possibility of recovery* against the party whose joinder is in question, the court is bound to remand the action to state court pursuant to § 1447(c).[5] *See Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir. 1993). The removal jurisdiction of a federal court is determined by examining the record as it stood at the time the notice of removal was filed without consideration of subsequent pleadings. *FSLOC v. Griffin*, 935 F.2d 691, 695-96 (5th Cir. 1991). In reviewing allegations of fraudulent joinder, federal courts may pierce the pleadings to determine whether under Mississippi law a plaintiff has a valid claim against a non-diverse defendant. *See LeJeaune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

---

[5]As stated, *infra*, Title 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

**ANALYSIS**

In her complaint, plaintiff states that Liberty Mutual and Rapad wrongfully denied her claim for workers' compensation death benefits.  This denial of benefits, plaintiff avers, amounted to tortious breach of contract, bad faith, and intentional and/or negligent infliction of emotion duress, for which Rapad and Liberty Mutual are both liable.  In their removal and remand papers, the defendants argue that Rapad is not liable for the specific acts and omissions of Liberty Mutual in denying the plaintiff's claim for workers' compensation death benefits.  Additionally, the defendants point out that plaintiff's complaint fails to state an individual claim against Rapad for failure to procure workers' compensation insurance or failure to notify the insurance carrier of a potential claim as proscribed by Mississippi statutory law.

This court agrees with defendants.  In the absence of malfeasance on the part of the employer, Mississippi law clearly states that an insurance carrier, and not the employer, is liable for wrongfully-denied claims for workers' compensation death benefits. Under Mississippi statutory and common law, employers are required to procure workers' compensation insurance. *Christian v. McDonald*, 90 So.2d 286, 289 (Miss. 2005);  *McCoy v. Cornish*, 71 So.2d 304, 307-08 (Miss. 1954);  MISS CODE ANN. § 71-3-75(1) (2000). Once an employer has secured workers' compensation insurance, Mississippi statutory law states, "[T]he payments of claims, including the deductible amounts, shall be made directly from the insurance company to the employee . . . ."  MISS. CODE ANN. 71-3-77(1). Applying this statute, the Fifth Circuit determined that "when a carrier knows of the injury of an insured's employee's, and the insured does not controvert the injury, the [insurance]

*carrier* has a duty to begin paying benefits directly to the injured employee." *Rogers v. Hartford Accid. & Indem. Co.*, 133 F.3d 309, 313 (1998) (emphasis added). The *Rogers* court added that the insurance carrier alone owes a duty to promptly pay workers' compensation benefits to an injured employee or his beneficiary. *Id.* The *Rogers* holding is controlling in the instant matter. Absent any malfeasance on the part of Rapad, Liberty Mutual is singularly liable to plaintiff for her asserted claims.

Plaintiff erroneously cities *Blakeney*, 151 F. Supp.2d 736, *Luckett*, 481 So.2d 288, and *Leathers*, 500 So.2d 451, for the position that an employer-purchaser of workers' compensation insurance is liable for the wrongful denial of workers' compensation benefits. In each case cited by plaintiff, the employer-purchaser of the workers' compensation insurance at issue was accused of performing some specific affirmative act or omission that adversely affected the plaintiff's claim for workers' compensation benefits. *Blakeney*, 151 F. Supp.2d at 738 (Plaintiff alleged that the employer failed to notify promptly the Mississippi Workers' Compensation Commission ("MWCC") and file a claim with the appropriate agency.); *Luckett*, 481 So.2d at 289 (same); and *Leathers*, 500 So.2d 451 (holding that in certain circumstances an employer may be sued for bad faith). In the instant case, plaintiff's complaint does not allege that Rapad's actions adversely affected the plaintiff's claim for workers' compensation benefits. Further, the evidence before the court shows that Rapad complied with all pertinent statutory requirements and promptly notified Liberty Mutual and the MWCC of plaintiff's potential claim the day after her husband's died. As such, the court determines that plaintiff, having failed to identify any malfeasance on the part of Rapad, has failed to state a

6


cognizable claim against Rapad in her complaint.  Accordingly, this court is persuaded that Rapad was improperly joined as a defendant to this civil lawsuit and must be dismissed.

## **CONCLUSION**

Defendant Rapad was improperly joined to this lawsuit.  As such, this court dismisses Rapad as a defendant in this litigation.  Therefore, this court finds that the defendants properly removed this lawsuit from the state court to this federal forum.  The parties are diverse in citizenship and this case features the requisite amount in controversy.  The court, therefore, denies plaintiff's motion to remand **[docket # 9]**.

The parties are directed within the next ten (10) days to contact the assigned Magistrate Judge for a Scheduling Conference.

**SO ORDERED, this the 16th day of March, 2006.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05-cv-98HTW-JSC
Order Denying Motion to Remand